UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATISHA WRIGHT,<br>        Plaintiff,<br>    v.<br>TROY SOLOMON,<br>        Defendant. | Case No. 14-cv-04500-JCS<br><br>**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915 WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 1 |

## I.   INTRODUCTION

Plaintiff Latisha Wright filed this action against Defendant Troy Solomon after Solomon allegedly failed to deliver products that Wright purchased from him. The Court previously granted Wright's application to proceed in forma pauperis, thus requiring the Court to review the sufficiency of Wright's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Because no basis for federal subject matter jurisdiction is apparent, Wright's Complaint is DISMISSED with leave to amend.[1] If Wright chooses to amend, she must file an amended complaint **no later than January 22, 2015**. Wright must also attend the case management conference scheduled for **2:00 PM on January 16, 2015** in Courtroom G, located on the 15th floor of the San Francisco courthouse at 450 Golden Gate Avenue.

## II.   BACKGROUND

### A.   The Complaint

Wright filed her Complaint using a template prepared by the Justice & Diversity Center of the Bar Association of San Francisco. In the section labeled "Jurisdiction," Wright checked a box to indicate that her "case belongs in federal court under diversity jurisdiction because none of the

---

[1] Wright has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

1 plaintiffs live in the same state as any of the defendants AND the amount of damages is more than
2 $75,000." Compl. ¶ 2. Wright lives in California; Solomon lives in Florida. *Id.* ¶ 1.
3   The "Statement of Facts and Claims" alleges that Wright paid a total of $2,346.88 to
4 Solomon in early 2014 to start a t-shirt business. *Id.* ¶ 5. Of that sum, Wright paid $1,662.88 for a
5 design, $500 for a website, and $184 for twelve shirts. *Id.* She alleges that Solomon initially
6 represented that all of the goods and services at issue could be provided within 72 hours, but, to
7 date, none have been provided. *Id.* Wright alleges that in response to her repeated inquiries,
8 Solomon has made excuses and told her that "it won't take much longer." *Id.*

### B. Procedural History

Wright filed her Complaint in this Court on October 8, 2014, and concurrently filed an application to proceed in forma pauperis (dkt. 2). The Court granted Wright's application to proceed in forma pauperis on October 22, 2014. *See* dkt. 4. Wright consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c) on December 3, 2014. *See* dkt. 7.

## III. ANALYSIS

### A. Legal Standard

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). Thus, to meet this requirement, the complaint must be supported by factual allegations. *Id.*

Further, a complaint is "frivolous" under § 1915 where there is no subject matter jurisdiction. *See Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous under § 1915 where subject matter jurisdiction is lacking). Federal courts are courts of limited jurisdiction, and may only hear cases where Congress has granted jurisdiction by statute. Two of the most commonly invoked jurisdictional statutes are 28 U.S.C. § 1332 (so-called "diversity jurisdiction"), and 28 U.S.C. § 1331 ("federal question jurisdiction"). Section 1332 grants jurisdiction to hear cases where no plaintiffs are citizens of the same state as any defendants, *and* the amount in controversy is more than $75,000. *See* 28 U.S.C. § 1332. Section 1331 encompasses cases that arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turns on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (citations omitted). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court

3

1  must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the
2  litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d
3  1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant
4  will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th
5  Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### B. The Amount in Controversy Is Not Sufficient to Invoke Diversity Jurisdiction

Wright's Complaint invokes diversity jurisdiction under 28 U.S.C. § 1332(a). Although Wright and Solomon appear to be citizens of different states—Wright a citizen of California, and Solomon a citizen of Florida—Wright's claim does not meet the amount in controversy required to invoke diversity jurisdiction.

The general rule to determine whether the amount in controversy is met is that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnotes omitted). Wright's Complaint alleges that she paid Solomon $2,346.88 and states, "All I want is my money back." Compl. ¶ 5. The amount in controversy is therefore $2,346.88, which does not meet the $75,000 requirement of § 1332(a). This Court therefore does not have jurisdiction under § 1332.

### C. The Complaint Does Not State a Federal Claim

Although the Complaint does not explicitly invoke federal question jurisdiction, the Court nevertheless considers whether it contains sufficient allegations to state a federal claim. *See Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014) ("Federal pleading rules . . . do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."); *Hebbe*, 627 F.3d at 342 (instructing courts considering pro se claims to "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt.").

Wright's Complaint appears to be based essentially on breach of contract. She alleges that Solomon promised to provide goods and services in exchange for payment, but failed to perform on his promise after Wright paid him. *See* Compl. ¶ 5. Unless special circumstances apply, "[b]reach of [contract] is a cause of action under state, not federal, law." *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1385−86 (9th Cir. 1988)

(considering breach of a lease agreement).  The claim therefore does not "aris[e] under the Constitution, laws, or treaties of the United States," and thus does not fall within federal question jurisdiction.  *See* 28 U.S.C. § 1331.  Without any basis for federal jurisdiction, the Complaint must be dismissed.[2]

It is not absolutely clear, however, that breach of contract is the only claim available to Wright.  This Court may not "dismiss [Wright's] pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment,'" *Akhtar*, 698 F.3d at 1212 (citation omitted).  The Court therefore grants Wright leave to amend her Complaint if she is aware of facts supporting a plausible federal claim.

## IV.  CONCLUSION

For the reasons stated above, Wright's Complaint fails to demonstrate a basis for federal subject matter jurisdiction, and is therefore DISMISSED with leave to amend.

If Wright is aware of facts supporting a federal claim and wishes to file an amended complaint, she may do so **no later than January 22, 2015.**  The first amended complaint must include the caption and civil case number used in this Order (14-cv-04500-JCS) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaint, any amended complaint must include all the claims Wright wishes to present and all of the defendants she wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  An amended complaint may not incorporate material from the prior complaint by reference, and must address the deficiencies discussed above.

Wright is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance if she continues to prosecute this action.  The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102.  The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612.  Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either

---

[2] Because this Court lacks jurisdiction over Wright's Complaint, the Court does not reach the issue of whether it adequately pleads a state-law claim for breach of contract.

1  office.  Lawyers at the Legal Help Center can provide basic assistance to parties representing
2  themselves but cannot provide legal representation.
3  **IT IS SO ORDERED.**
4  Dated: December 8, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge